IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01523-WYD-MEH

MALIBU MEDIA, LLC,

 Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 107.2.134.163 ,

 Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

 Before the Court is a Motion to Quash Subpoena Pursuant to Fed. R. Civ. P. 45 [filed August 21, 2013; docket #22] filed by Defendant John Doe Subscriber Assigned IP Address 107.2.134.163 (hereinafter "Defendant"). The motion has been referred to this Court for disposition. (Docket #23.) Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the Motion without a response from Plaintiff. For the reasons that follow, Defendant's Motion is **denied**.

**I.** **Background**

 Plaintiff initiated this action on June 13, 2013, alleging that Defendant, identified only by his Internet Protocol ("IP") address, infringed on seven of Plaintiff's copyrighted works by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. As additional evidence of Defendant's infringement practices, Plaintiff attaches the results of "Expanded Surveillance" of the BitTorrent downloads associated with the Defendant's IP address. (*See* docket #1-3.) Though Plaintiff asserts that the Defendant internet subscriber "is the most likely infringer," Plaintiff also attaches an Exculpatory Evidence Request to its Complaint.

(Docket #1-4.) The Exculpatory Evidence Request seeks comprehensive information about household internet users, guests, neighbors, and internet devices at use in the residence. (*Id*.) According to Plaintiff, the Exculpatory Evidence Request is served with the Complaint to account for the possibility that Defendant may deny Plaintiff's allegations. (Docket #1 at 5.)

In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. (Docket #6.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #10.) In particular, the Court authorized Plaintiff to serve third-party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of Defendant based on the IP address named in the Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP has assigned an IP address. With the subpoena, the Court directed Plaintiff serve a copy of its order. Finally, the Court emphasized that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information may result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP, Comcast, on June 27, 2013. (Docket #22 at 9.) Presumably upon receiving notice of the subpoena from Comcast, Defendant first moved to quash the subpoena on August 7, 2013. (Docket #13.) The Court denied the first two motions to quash on procedural grounds [*see* dockets ##15, 17, 20] and Defendant filed the pending third Motion [docket #22] on August 21, 2013.

**II.     Discussion**

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated.  *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993).  Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest.  *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)).  Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena.  *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege).  Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden.  *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider

and not the [d]efendant.").

This Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). Defendant attempts to establish standing based upon the alleged "undue burden" he faces by being named as a Defendant in this lawsuit. However, as noted above, this is not the sort of burden contemplated in the Rule 45 standing inquiry.

Though not asserted here directly, this Court has previously recognized that a defendant's First Amendment right to anonymous file sharing may be sufficient to challenge a subpoena. *See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-cv-00307-WYD-MEH, 2013 WL 375346, at *3 (D. Colo. July 14, 2013). Given Defendant's status as a *pro se* litigant, the Court will construe his argument broadly to include such an interest. Again, the Court will assume without finding that this interest, though thin, permits the Court to reach the merits of the pending Motion.[1]  *See id*.

Instead of addressing the grounds cited in Rule 45, Defendant asks the Court to quash the subpoena on two separate bases: (1) Plaintiff's status an alleged copyright "troll," including Plaintiff's settlement tactics; and (2) the alleged irrelevance of the information Plaintiff seeks. The Court has considered variations of each of these arguments before and reiterates its findings as

---

[1] Because Defendant has not presented any argument regarding the First Amendment, the Court will not analyze the issue further. However, in very similar actions, the Court has held that a plaintiff's right to discovery outweighs a defendant's comparatively minimal First Amendment right to share his or her electronic files anonymously. *See Malibu Media, LLC*, 2013 WL 375346, at *5.

follows.

Defendant, like many of the litigants in his position, alleges that the subpoena should be quashed because Plaintiff is a copyright "troll" primarily interested in settling rather than litigating its claims. The Court finds this accusation inconsistent with its experience. As the Magistrate Judge assigned to handle all cases by this Plaintiff, the Court has had the opportunity to observe Plaintiff and Plaintiff's counsel on a number occasions and in a variety of contexts, including settlement conferences and default judgment hearings. Like District Judge Michael Baylson, who recently entered judgment in favor of Plaintiff after a trial to the bench, the Court has found that Plaintiff is not a "copyright troll," but rather an actual producer of adult films. *Malibu Media, LLC v. John Does 1,6,3, 14, and Bryan White*, -- F. Supp. 2d --, 2013 WL 3038025, at *2 (E.D. Pa. June 18, 2013). Moreover, the Court has personally observed Plaintiff's willingness to settle and/or dismiss cases without payment of *any damages* where the defendant has come forward with exculpatory evidence. *See Malibu Media, LLC v. Maness*, No. 12-cv-01873-RBJ-MEH, 2012 WL 7848837, at *3 (D. Colo. Dec. 4, 2012). As the Court noted in *Maness*, Plaintiff "may be understandably and even reasonably skeptical of a defendant's assertion of innocence." *Id*. at *6. Even if there is no ultimate liability, "Plaintiff has a constitutional right to file a lawsuit to and engage in discovery to determine whether a defendant or someone using a defendant's IP address infringed on its protected works," provided Plaintiff has a good-faith basis under Rule 11 for bringing suit. *Id*. Similarly, Plaintiff shares the same right as all litigants to settle or dismiss its claims before engaging in discovery and prior to the filing of any dispositive motions. *Id*.

Aside from Plaintiff's right to vindicate its claims through a federal lawsuit and ultimately reach a settlement, Rule 45 does not contemplate quashing a subpoena on the basis of a party's

litigation strategy.  Equally outside its scope is a party's concern that being named as defendant in a federal lawsuit may injure his or her reputation.  Indeed, "it is a rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Malibu Media, LLC*, 2012 WL 3089383, at *9 (citations and quotations omitted) (declining to quash a subpoena on the basis of a defendant's embarrassment over the pornographic content of the work allegedly infringed).  Thus, the Court declines to quash the subpoena based on the litigation tactics alleged in the Motion.

Defendant's second argument is also unavailing.  Plaintiff's attempt to obtain information from the ISP is a necessary first step in Plaintiff's process of discovering the identities of the alleged infringers for the purpose of enforcing its copyright.  The fact that the information Plaintiff seeks will not conclusively establish liability does not persuade the Court that the subpoena should be quashed.  To hold otherwise would impose a standard inconsistent with the Federal Rules of Civil Procedure.  Thus, the Court will not quash the subpoena based upon the alleged attenuation between Defendant's possible participation in a swarm and actual copyright infringement.

**III.    Conclusion**

For the reasons stated above, the Court finds that Defendant has not met his burden of showing that the subpoena served on Comcast must be quashed.  Therefore, Defendant's Motion to Quash Subpoena Pursuant to Fed. R. Civ. P. 45 [filed August 21, 2013; docket #22] is **denied**.

Entered and dated at Denver, Colorado, this 26th day of August, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge